KIRK BISHOP AND WILLIAM A. BABCOCK

v.

JOHN MORRIS.

*Practice—Presumptions in Support of Judgments of Courts of Superior Jurisdiction—Notice—Stipulation.*

1.   In support of the judgments of courts of superior jurisdiction resort may be had to every reasonable presumption and intendment not rebutted by the record itself.

2. The court declines to consider the effect of a stipulation by the parties to try a cause on five days notice, upon the power of the court to take further steps in the cause until such notice is given, the record presented being silent on the subject of notice.

[Opinion filed June 8, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. JONES & LUSK, for plaintiffs in error.

An examination of the cases in this State, involving the trial or disposition of causes by agreement or stipulation of the parties, will show that such stipulations and agreements are sacredly enforced, and parties have been compelled to act in the utmost good faith with respect to them, even when resting in parol. Toupin v. Gargnier, 12 Ill. 79; How v. Mortell, 28 Ill. 478; Coultas v. Green, 43 Ill. 277; McKinley v. Wilmington Star Mining Co., 7 Ill. App. 386; Teal v. Russell, 5 Scam. 319; Foote v. Despain, 87 Ill. 28.

Mr. JOHN M. GARTSIDE, for defendant in error.

All motions, and the decision of the court thereon, and all affidavits and evidence heard upon the motion, must be made a part of the record by a bill of exceptions. Hay v. Hayes, 56 Ill. 342; Snell v. Church Trustees, 58 Ill. 290; Gaddy v. McCleave, 59 Ill. 182; Thompson v. White, 64 Ill. 314; Douglass v. Parker, 43 Ill. 146.

In the absence of a bill of exceptions, containing facts or proof to the contrary, the presumption is always and uniformly in favor of the regularity of the proceedings of the court below. Singer Mfg. Co. v. May, 86 Ill. 398; Bill v. Mulford, 80 Ill. 82; Cleaver v. Smith, 114 Ill. 114, 117; Buettner v. Norton Mfg. Co., 90 Ill. 415; Grundies v. Martin, 90 Ill. 552; Town of Mt. Vernon v. Patton, 94 Ill. 65.

Stipulations between the parties must be preserved and be presented by bill of exceptions. The court will not examine the stipulation, although the clerk may have copied into the record what purports to be a stipulation. Wilson v. McDowell,

65 Ill. 522; Eureka Coal Co. v. Powers, 10 Ill. App. 61; S. C., 11 Ill. App. 81; Boyle v. Levings, 28 Ill. 314; Van Cott v. Sprague, 5 Ill. App. 99.

Bailey, J.　This was a suit brought by Morris against Bishop and Babcock before a justice of the peace, where judgment was rendered in favor of the plaintiff for $100 and costs. The defendants having removed the cause to the Superior Court by appeal, a trial was had in that court at the June term, 1882, resulting in a verdict in favor of the plaintiff for $100. That verdict was set aside and a new trial awarded on motion of the defendants, and thereupon, on the 14th day of September, 1882, by the agreement of the parties made in open court, the cause was submitted to the court for trial without a jury, upon five days notice. The next proceeding shown by the record is under date of October 5, 1885, when, as the record recites, the cause being called for trial, and defendants failing to prosecute their appeal, on motion of the plaintiff's attorney, it was ordered that said appeal be dismissed for want of prosecution at the defendants' costs, with a *procedendo*, and ten per cent. damages for delay. On the 7th day of June, 1886, the defendants appeared and entered their motion to set aside said order of dismissal, which motion was overruled, and they now bring the record to this court by writ of error.

The record contains no bill of exceptions, and so the grounds for the motion to set aside the order of dismissal are not shown, nor is any exception to the order of the court denying said motion properly preserved.

Even then if the court had the power at a subsequent term to vacate its judgment—and we are of the opinion that it had no such power—its decision in that behalf is not open to review in this court.

The only question is whether the court, in dismissing the appeal, acted without jurisdiction. It is insisted that, under the order of September 14, 1882, the court had no power to try or dismiss the appeal except upon five days notice by one party or the other, and that as the record fails to show that

any such notice was given, the order dismissing the appeal was without jurisdiction. Without pausing to consider carefully the effect of a stipulation by the parties to try a cause on five days notice upon the power of the court to take further steps in the cause until such notice is given, we think that the ordinary presumptions in favor of the regularity of proceedings in courts of superior jurisdiction are sufficient to sustain the judgment in this case. The record being silent on the subject of notice, it will be presumed that the court, before proceeding to dismiss the appeal, received competent and satisfactory evidence that the required notice had been given. It is a familiar rule that, in support of the judgments of the courts of superior jurisdiction, resort may be had to every reasonable presumption and intendment not rebutted by the record itself.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*